## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DADE DIVISION

In re:                                                    Case No. 17-23573-LMI

SIXTY ONE SIXTY, LLC,                                     Chapter 11

Debtor and Debtor-in-Possession.

_____/

SIXTY ONE SIXTY, LLC                          Adversary Pro. No. _____

      Plaintiff,

      v.

SCHECHER GROUP, INC., a Florida
corporation

      Defendant.

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF, INCLUDING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Sixty One Sixty, LLC (the "Debtor" or "Plaintiff") brings this action against Defendants Schecher Group, Inc. pursuant to, inter alia, 11 U.S.C. §105(a) and Fed. R. Bankr. P. 7001(7) seeking injunctive relief enjoining prosecution of the following lawsuits or threatened lawsuit during the pendency of this Chapter 11 case and/or or an extension of the automatic stay to non-debtor parties:

    1)    Schecher Group, Inc. v. Importadora Interwheels SA, Case No. 2014-013771 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

    2)    Schecher Group, Inc. v. Ruben Lamothe, et al., Case No. 2016-026445 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

    3)    Schecher Group, Inc. v. Jorge Correa, et al., Case No. 2016-026446 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

    4)    Schecher Group, Inc. v. Waterstone Investments, LLC, Case No. 2016-026447

1

CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

5)      Schecher Group, Inc. v. Jean Francois Filion, et al., Case No. 2016-026450 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

6)      Schecher Group, Inc. v. David Georg et al., Case No. 2016-026455 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

7)      Schecher Group, Inc. v. Lormar Corp., Case No. 2016-026470 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

8)      Schecher Group, Inc. v. Florida Building & Supply, Inc., et al., Case No. 2016-026555 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

9)      Schecher Group, Inc. v. Ralf Bauchrowitz, et al., Case No. 2016-026742 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

10)      Schecher Group, Inc. v. Frank Jordan, Case No. 2016-026743 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

11)      Schecher Group, Inc. v. Lydia Apodaca, et al., Case No. 2016-026745 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

12)      Schecher Group, Inc. v. Mialo, LLC, Case No. 2016-026746 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

13)      Schecher Group, Inc. v. Maria N. Schoentag, et al., Case No. 2016-026746 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

14)      Schecher Group, Inc. v. Frank Jordan, Case No. 2016-026747 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

15)      Schecher Group, Inc. v. BambaMaimi, Inc., Case No. 2016-026749 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

16)      Schecher Group, Inc. v. Jose Luis Varela, et al., Case No. 2016-026750 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

17)      Schecher Group, Inc. v. Pariano, LLC, Case No. 2016-026751 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

18)     Schecher Group, Inc. v. Valentin Investments, LLC, Case No. 2016-026752 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

19)     Schecher Group, Inc. v. Ralf Bauchrowitz, et al., Case No. 2016-026755 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

20)     Schecher Group, Inc. v. Alfer Investments Corp., Case No. 2016-026757 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

21)     Schecher Group, Inc. v. Maria T. Valez, et al., Case No. 2017-001375 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

22)     Schecher Group, Inc. v. LC Geraci, LLC, Case No. 2017-001688 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

23)     Schecher Group, Inc. v. Penthouse 68, LLC, Case No. 2017-001703 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

24)     Schecher Group, Inc. v. Bank of New York Mellon, Case No. 2017-004022 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

25)     Schecher Group, Inc. v. Maria R. Girardo de Velez, et al., Case No. 2017-004086 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

26)     Schecher Group, Inc. v. Villita, LLC, Case No. 2017-004120 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

27)     Schecher Group, Inc. v. Aspire Higher, LLC, Case No. 2017-004122 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

28)     Schecher Group, Inc. v. Cecilia N. Zsilavi, et al., Case No. 2017-004123 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

29)     Schecher Group, Inc. v. Dagraju, LLC, Case No. 2017-004128 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

30)     Schecher Group, Inc. v. Miguel Fava, et al., Case No. 2017-004132 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

31)     Schecher Group, Inc. v. Elsitta, LLC, Case No. 2017-004138 CA 01 pending in

the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

32)    Schecher Group, Inc. v. Numero 991, LLC, Case No. 2017-004206 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

33)    Schecher Group, Inc. v. International Consulting Corp., Case No. 2017-004211 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

34)    Schecher Group, Inc. v. Elsa J. De Pablos Bermudez, et al., Case No. 2017-005290 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

35)    Schecher Group, Inc. v. Henryk Kwiatkowski, et al., Case No. 2017-005298 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

36)    Schecher Group, Inc. v. Boston Rv Corporation, Case No. 2017-005298 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

37)    Schecher Group, Inc. v. Ivan Mahana, et al., Case No. 2017-005300 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida (collectively the "Actions").

In support of the instant action, Debtor states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to Debtor's chapter 11 case pending before this Court.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4.    The statutory predicates for the relief sought are 11 U.S.C. §105(a) and 28 U.S.C. § 1334 and Fed. R. Bankr.P. 7001(7).

### THE PARTIES

5.    Debtor, is a Delaware Limited Liability Company, duly organized and existing with a place of business in Miami-Dade County, Florida and is also Debtor and debtor-in-possession in the above captioned bankruptcy case pursuant to 11 U.S.C.§§ 1107(a) and 1108.

4

6.      Defendant is a Florida Corporation with its principal place of business located at 120 Piper Boulevard, Port Orange, FL 32128.

## BACKGROUND

7.   On November 9, 2017, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8.      Debtor is an owner of certain condominium units ("Unit" or "Units") located at 6060 Indian Creek, Miami Beach, Florida 33140 (the "Property"). The Property consists of 82 condominium units, 4 commercial units, and one hotel unit. The condominium and commercial unit owners, including Debtor, shall be referred herein collectively as "Owners."

9.      Debtor's members were each prior owners of a Unit. Pursuant to their rights under the documents governing the Property, each member contributed their Unit to the Debtor and each member currently owns interests in the Debtor related to that contributed Unit. The rights and obligations of Debtor's members remain unchanged as a result of their Unit contribution to the Debtor—each member is still responsible for management and operation of their contributed Unit.

10.      Defendant is the owner of the hotel unit. Owners have the option, but not the obligation, to enter into an agreement with Defendant to allow Defendant to utilize their units. Defendant claims that the Owners owe it certain special assessments, improvements, loans, fees, interest, and other undisclosed costs ("Defendant's Claim"); however, the Debtor or its members have not received a full accounting of Defendant's Claim, and to the extent that Defendant claims to have provided a full accounting, Defendant's Claim is, at least in part, not valid.

11.      Sixty Sixty Condominium Association, Inc. (the "HOA Debtor") owns the 4 commercial units and 1 condominium unit at the Property. On December 5, 2016, the HOA Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, Case Number 17-01171-RAM-BKC (the "Related Proceeding"). In the time since, the HOA Debtor has operated as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

12.      On April 27, 2017, in the Related Proceeding, the HOA Debtor commenced an

5

adversary proceeding against the Defendant to determine the validity of Defendants' claims (the "HOA Debtor Adversary Proceeding").

13.     Defendant initiated foreclosure proceedings against members of the Debtor, related individuals, and other Owners. The Actions, referenced above, are those foreclosure proceedings initiated by Defendant currently scheduled for trial on November 14, 2017 and November 15, 2017. Certain assets of Debtor are the subject of the Actions.

14.     The parties have been mired in litigation related to Defendant's Claim; however, Debtor, HOA Debtor, and other Owners that have submitted to the jurisdiction of the Court in the Related Proceeding, have attempted to proceed in the satisfaction of the creditors' valid claims, and the reorganization of the debtors' assets, in an orderly fashion through these related insolvency proceedings.

15.     Debtor has agreed to sell its Units to a buyer, Kingfisher Island, Inc. ("KFI"), upon certain terms that contemplate the determination and satisfaction of valid creditor claims. These are the same terms that the HOA Debtor has accepted as the highest and best offer for its assets in the Related Proceeding (the "Sale"). A hearing on whether the Sale is approved by the Court in the Related Proceeding is scheduled to occur on November 28, 2017. The Sale contemplates determining and satisfying all claims against the assets of the Debtor, the HOA Debtor, and any Owners that wish to sell to KFI at the offered terms in a bulk sale.

## TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXTENSION OF AUTOMATIC STAY

16.     Debtor realleges paragraphs 1 through 8 as though fully set forth herein.

17.     The instant Complaint seeks temporary and preliminary relief through entry of a temporary restraining order and a preliminary injunction enjoining the further prosecution of the Actions pending confirmation of the Chapter 11 Plan of Debtor.

18.     The Actions attempt to foreclose upon assets that are the assets of Debtor in the instant Chapter 11 case.

19.     If the persons named as defendants in the Actions are not relieved of the obligation to defend the Actions during the pendency of this Chapter 11 case, there is a substantial likelihood that in the absence of the relief sought herein, Debtor's Chapter 11 case will be severely prejudiced and its reorganization may not succeed. The persons named as defendants in the Actions are members of the Debtor and are responsible for the management of the Debtor's assets. The Debtor's members' unimpeded attention to the operation of the Debtor's assets and to this proceeding are absolutely required to facilitate a successful reorganization. Through its members, Debtor must be free to focus on the management of the Debtor's assets and their organized sale in coordination with the HOA Debtor. Defending multiple actions— actions that attempt to foreclose on assets of Debtor—impedes the necessary focus of the Debtor's members and severely jeopardizes the opportunity for a successful Chapter 11 reorganization. Moreover, a determination of Defendant's claim outside of this proceeding or the Related Proceeding necessarily prejudices the Debtor. Defendant claims that Debtor owes a certain percentage of Defendant's claim; and therefore, Debtor must have an opportunity to validate Defendant's claim in this Chapter 11 proceeding.

20.     Debtor has and will suffer irreparable injury unless the injunctive relief sought herein is issued.

21.     Alternatively, the Court should extend the automatic stay as to all defendants in the above action for the limited purposes set forth herein.

22.     The potential harm to Debtor from a failure to grant the injunctive relief sought herein outweighs any potential harm to the Defendant if the injunctive relief is granted. Specifically, Debtor submits that its reorganization efforts for the benefit of its creditors is placed in jeopardy if the Actions are not stayed during the pendency of this Chapter 11 case. The only harm that might befall Defendant is a delay in the prosecution of the Actions, proceedings which seek to foreclose on assets of Debtor and determine issues that go to the heart of the instant reorganization efforts—Debtor has agreed to sell all assets at terms that contemplate determining and satisfying approved creditor claims.

23.     The grant of injunctive relief sought herein unequivocally advances the public interest, that is, in effectuating a successful reorganization as contemplated by the United States Bankruptcy Code, 11 U.S.C. §§101 et seq., assuring that the legitimate rights of the contract holders, creditors, and other parties in interest of Debtor are protected.

**WHEREFORE**, the Plaintiff, Debtor, respectfully requests that the Court grant the following relief:

(A)     Enter a temporary restraining order enjoining the continued prosecution of the Actions or the commencement of any further actions by the Defendant and directing Defendant to immediately cease prosecuting the Actions during the pendency of this Chapter 11;

(B)     Enter a preliminary injunction enjoining the continued prosecution of the Actions of the commencement of any further actions by Defendant and directing Defendant to immediately cease prosecuting the Actions during the pendency of this Chapter 11;

(C)     Extend the automatic stay to the defendants in the Action; and

(D)     Enter an Order granting such other and further relief as may be just and proper.

Dated: November 9, 2017.

## Attorney's Local Rule 2090-1(A) Certification

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

HOFFMAN, LARIN & AGNETTI., P.A.
Proposed Counsel for the Debtor
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
Tel: (305) 653-5555
Fax: (305) 940-0090
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164