

**ORDERED in the Southern District of Florida on April 11, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

```
_____
                               )
                               )
In re:                         )    CASE NO.   17-23573-bkc-RAM
                               )    CHAPTER    11
SIXTY ONE SIXTY, LLC,          )
                               )
              Debtor.          )
_____)
```

**ORDER DENYING THE SCHECHER GROUP, INC.'S**
**(I) REQUEST FOR SANCTIONS AND (II) MOTION TO SET HEARING**

The Court conducted hearings on November 28, 2017 and November 29, 2017 on the Schecher Group, Inc.'s *Emergency* Motion to (I) Dismiss Chapter 11 Bankruptcy Case for "Bad Faith" Filing Pursuant to 11 U.S.C. § 1112(b) and/or, Alternatively, (II) for Relief From the Automatic Stay "For Cause" Pursuant to 11 U.S.C. § 362(d); and (III) for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 (the "Motion") [DE #7,12]. By Order dated November

1

30, 2017 [DE #38] (the "Dismissal Order"), the Court granted that part of the Motion seeking dismissal and reserved ruling on the request for sanctions.  The Dismissal Order stated that the Court would schedule a further hearing on that portion of the Motion seeking sanctions.

On February 28, 2018, the Schecher Group, Inc. ("Schecher Group") filed its Motion for Entry of Order Setting a Sanctions Hearing in Connection with the Debtor's Bad Faith Filing of the Chapter 11 Bankruptcy Case (the "Motion to Set Hearing") [DE #41].

Having considered the record in this case and in the related bankruptcy case of *In re Sixty Sixty Condominium Association, Inc.,* Case No. 16-26187 ("Sixty Sixty"), and after reviewing and considering Rule 9011 of the Federal Rules of Bankruptcy Procedure and case law interpreting that rule, the Court concludes that the request for sanctions should be denied and that a further hearing is not necessary.

I.   Factual Background

The "sale" at the heart of this bankruptcy case and at the heart of the affiliated case of Sixty Sixty was a proposed sale of a "critical mass" of condominium units in the building located at 6060 Indian Creek Drive.[1]  The Sixty Sixty debtor is the condominium

---

[1] The proposed sale was presented in Sixty Sixty's Motion for Entry of an Order Approving Sale of Debtor's Real Property [DE# 432 in 16-26187] (the "Sixty Sixty Sale Motion").

association.  It owns four commercial units and one residential unit.

Prior to the filing of the Sixty Sixty Sale Motion, the Court conducted a hearing on November 1, 2017, on the Sixty Sixty debtor's Emergency Motion for Entry of Order Approving Bid Process [DE #397 in Case No. 16-26187].  The Court approved the Sixty Sixty debtor's proposed sales procedure, which included soliciting bids for a bulk sale of all of the Sixty Sixty debtor's real property together with at least forty-nine non-debtor residential units. For reasons discussed at length in this Court's decision to exercise jurisdiction to interpret the Schecher Group's right of first refusal [DE #349 in Case No. 16-26187], the bulk sale structure of a minimum of fifty residential units tacked on to a sale of the Sixty Sixty debtor's commercial units was the only hope the Sixty Sixty debtor had of realizing significant value for its real property holdings.

At the November 1st hearing on the Sixty Sixty bid procedures, the Schecher Group objected to any further attempts at a sale by the Sixty Sixty debtor.  The Court overruled the objection, finding cause to allow the Sixty Sixty debtor one final attempt at closing on a sale of substantially all of its assets [DE #427 in Case No. 16-26187].  However, the Court made clear that neither the order approving the bid process nor any subsequent order approving a sale would contain language that would interfere with the Schecher

Group's pending state court foreclosure cases against numerous non-debtor residential unit owners ("RUOs").[2]

The debtor in this case (the "Sixty One Sixty" case) is a limited liability company formed *after* the November 1st hearing and *after* the Sixty Sixty debtor selected Kingfisher Island, Inc. ("KFI") as the winning bidder. Todd Mikles, a principal of KFI, is a principal of the Sixty One Sixty debtor. The members of Sixty One Sixty are RUOs who planned to sell their units as part of the bulk sale of condominium units to KFI.

Michael Hoffman, Esq., bankruptcy counsel for the Sixty One Sixty debtor, filed this chapter 11 case on November 9, 2017 and filed an adversary complaint against the Schecher Group, Adv. Pro. No. 17-01438, seeking to enjoin the state court foreclosure trial against thirty-one RUOs scheduled to begin on November 14, 2017.

Four days later, the Schecher Group filed its Motion, arguing that the Sixty One Sixty case was filed in bad faith and should be

---

[2] The Court did allow several RUOs to intervene in an adversary proceeding filed by the Debtor against the Schecher Group (the "Shared Costs Adversary"). *See* DE# 42 and DE# 168 in Adv. No. 17-01171. The intervention orders stated that this Court was not determining any issues in the state court foreclosure cases against the RUO intervenors other than the "Baseline number for Shared Costs" due to the Schecher Group. The Debtor and the RUOs hoped that the Shared Costs Adversary would be tried to judgment before the state court foreclosure cases went to trial, but this Court consistently said that it would not enjoin the foreclosure cases from proceeding nor recommend to the state court judges that the foreclosure cases be stayed pending the outcome of the Shared Costs Adversary.

dismissed.  At the November 28th hearing on the Motion, Mr. Hoffman urged the Court to defer ruling on the Motion until after it decided whether it would approve the Sixty Sixty debtor's contract with KFI.  Mr. Hoffman filed a similar sale motion on behalf of Sixty One Sixty [DE #23] and insisted that the Sixty One Sixty bankruptcy filing was designed only to facilitate the sale to KFI in accordance with bid procedures already approved by the Court and with full disclosure to the Court.  However, it was apparent that the filing was also intended to delay the state court foreclosure cases.

Applying the standards articulated by the Eleventh Circuit for determining whether a chapter 11 case filed to stop a foreclosure case should be dismissed as a bad faith filing, and in consideration of the Court's clearly stated intention not to interfere with the state court foreclosure cases, the Court granted the Motion in part and dismissed the Sixty One Sixty case on November 30, 2018 [DE #38].

II.  <u>An award of sanctions under Fed. R. Bankr. P. 9011(c) is not warranted because the Targets did not Violate Fed. R. Bankr. P. 9011(b).</u>

In its Motion, the Schecher Group argues that the Debtor, its principals, its members, and its counsel, Mr. Hoffman (collectively, the "Targets"), should be sanctioned under Fed. R. Bankr. P. 9011(c)

> for filing the Petition herein in bad faith and with no
> legal basis, <u>solely</u> for the purposes of delay,
> harassment, or to increase the Schecher Group's cost of
> litigation, with no due diligence or investigation
> whatsoever, in violation of Federal Rule of Bankruptcy
> Procedure 9011(b).

(Motion, p. 22, emphasis added). The Court disagrees. Although dismissal was appropriate, the Court finds that the case was not filed for the <u>sole</u> purpose of stymying the foreclosure cases. It also was filed to facilitate a sale.

The cases cited by the Schecher Group are readily distinguishable. Unlike the debtors in *In re Aurora Investments, Inc.*, 144 B.R. 899 (Bankr. M.D. Fla. 1992), who "had no intention of filing Plans of Reorganization," *Id*. at 903, the Debtor in this case filed an expedited sale motion [DE #23] shortly after filing its bankruptcy petition, and had every intention of prosecuting its sale motion in tandem with the affiliated Sixty Sixty Sale Motion. The facts in *In re Terra of America Trading, Inc.,* 109 B.R. 516 (Bankr. S.D. Fla. 1989), also are decidedly different. In *Terra*, the debtor had only one asset and only one creditor, who moved for relief from stay. After debtor's counsel "did not attend the hearing . . . [on stay relief] and . . . offered no explanation or defense when contacted by the court by telephone on the record during the hearing," the court *sua sponte* dismissed the case as a bad faith filing.

The text of Fed. R. Bankr. P. 9011(c) ("FRBP 9011") is plain and unambiguous, and thus the starting point for the Court's analysis. Under FRBP 9011, "the court <u>may</u> . . . impose an appropriate sanction" "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated." FRBP 9011(c)(emphasis added). Subdivision (b) reads as follows:

> **(b) Representations to the court**
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The Court's inquiry under FRBP 9011 is two-fold. First, did the Targets make any objectionable representations to the Court. Second, did the Targets make reasonable inquiries before certifying the alleged objectionable representations to the Court.

(a)   <u>The Chapter 11 Petition was Not a False or Frivolous
      Representation to the Court.</u>

The Targets knew that the filing of this case would delay the
foreclosure cases, but the Court does not find that the Targets
knew, or reasonably believed, that they were filing the petition
for an "improper purpose" under Rule 9011(b)(1).  Rather, the
Targets' actions and assertions support their consistent argument
that this bankruptcy case was also filed to facilitate a sale.

Cause for dismissal of a bankruptcy case as a bad faith filing
is not tantamount to cause for imposing sanctions under FRBP 9011.
*See F.D.I.C. v. Fadili*, 165 B.R. 58, 59-60 (D. Mass. 1994)
(collecting cases standing for the following propositions: (i) the
filing of a chapter 11 petition in bad faith is not *per se*
sanctionable and (ii) the standard for evaluating whether a
petition was filed in bad faith is different from the standards
for imposing sanctions under FRBP 9011).  The advancement of a
"colorable argument" is sufficient in and of itself to deny the
award of attorney's fees. *Lawrence National Bank v. Edmonds (In re
Edmonds)*, 924 F.2d 176, 181-82 (10th Cir. 1991).

Mr. Hoffman's argument that the Sixty One Sixty filing was
intended to effectuate the Court's approved sales process was
colorable and even more palatable in light of the full disclosure
made in the Sixty One Sixty filings.  The Debtor fully disclosed
that its principal is a principal of KFI, the successful bidder in

8

the Sixty Sixty case, and that it filed this bankruptcy case for purposes of obtaining a bankruptcy court order approving the same sale to KFI that was presented for approval in the Sixty Sixty case. The legitimate purpose of filing to facilitate the sale was not enough to overcome the arguments for dismissal where the filing also stopped the foreclosure cases. However, the facts providing sufficient cause for dismissal do not provide cause for sanctions.

This Court also agrees with courts finding that "Rule 9011 should be very narrowly construed and applied only where the offending attorney's work product is patently frivolous or counsel's motivations blatantly improper." *Burger v. Level End Dairy Investors* (*In re Burger*), 125 B.R. 894, 907-08 (Bankr. D. Del. 1991) (citing *In re Geller*, 96 B.R. 564 (Bankr. E.D. Pa. 1989)). Filing this case was neither "patently frivolous" nor motivated by a "blatantly improper purpose."

(b) <u>The Targets Made Reasonable Inquiries.</u>

The Targets made a reasonable inquiry into the facts and the law applicable to their pursuit of a sale under section 363(b) of the Bankruptcy Code. Prior to the Petition Date, the Court (i) had approved a substantially similar sales contract between the Sixty Sixty debtor and Marc Realty Capital, the successful bidder in the Sixty Sixty debtor's first attempt at a 363 sale [DE #366 in Case No. 16-26187], and (ii) had approved the Sixty Sixty debtor's request to proceed with a second sales process

substantially similar to the first sales process [DE #427 in Case No. 16-26187]. Based on those facts, it was reasonable for the Targets who formed Sixty One Sixty to expect the Court to approve the Sixty Sixty debtor's proposed sale to KFI. It was also reasonable for the Targets to believe that the formation of a single corporate entity, and the filing of a bankruptcy for that corporate entity, would facilitate the Court's adjudication of the Sixty Sixty Sale Motion.

In sum, while the Schecher Group certainly expended attorneys fees pursuing its Motion, and prevailed in obtaining a dismissal of this case, the Court does not find cause for the imposition of sanctions under FRBP 9011. Therefore, it is –

**ORDERED** as follows:

1. The Motion is denied to the extent it requests a sanctions award under Fed. R. Bankr. P. 9011.

2. The Motion to Set Hearing is denied as moot.

### 

COPIES TO:
Michael S. Hoffman, Esq.
Barry P. Gruher, Esq.
Inger M. Garcia, Esq.
AUST

**(Attorney Hoffman is directed to serve a copy of this Order on all interested parties and to file a certificate of service)**